No. 25691

**The People of the State of Colorado v. Joseph W. Bucci**
(520 P.2d 580)

Decided March 25, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Jack E. Hanthorn, Assistant, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Defendant-appellant, Joseph W. Bucci, brought this Crim. P. 35(b) proceeding to vacate a judgment of conviction for forgery resulting from his entry of a guilty plea of February 17, 1950. The trial court held a hearing on May 31, 1972, and entered an order on June 7, 1972, denying Bucci's motion to vacate. We affirm.

The evidence presented at the May 31, 1972, hearing may be summarized as follows. Defendant was represented by counsel in 1950 who testified that it was his general practice as an attorney at that time to read an information to his client and ask him to explain the circumstances under which the alleged criminal activity occurred. Defendant's attorney also testified that the judge at that time followed a set plan, advising the defendant of what the guilty plea meant and its consequences. However, defendant's attorney was unable to remember whether he or the judge had advised the defendant of the elements of forgery.

Defendant testified that he had written checks in 1950 to which he signed his father's name. He testified that he did not remember much of the providency hearing in 1950, but he did remember that the judge did not "go on" like the one before whom he plead guilty to forgery in 1969.

Defendant had entered a plea of guilty to forgery in 1945 for which he was sentenced to the reformatory. He successfully challenged that conviction in a Crim. P. 35(b) proceeding on the grounds that he may have had a defense to the element of the intent to defraud.

The court records of the 1950 providency hearing are sketchy. Both the court reporter and the judge have died, and the court reporter's notes cannot be located. The judge's notes indicate that he warned the defendant as to the penalty and that the defendant persisted in his plea after the effects and consequences of his plea had been fully explained to him by the court. The court took testimony from two witnesses in addition to the defendant, and the forged check which was shown to the defendant during the 1972 hearing was also admitted in evidence.

Defendant was sentenced to two to three years in prison which he served without perfecting an appeal. In 1969 he again plead guilty to forgery, and was incarcerated at the Colorado State Penitentiary at the time of his 35(b) motion and hearing. He has since been paroled.

I.

■■■■ Post-conviction relief is founded upon constitutional principles, and Crim. P. 35(b) affords a convicted person all the remedies which are available through a writ of habeas corpus. *People v. Hubbard*, 184 Colo. 243, 519 P.2d 945; *People ex rel. Wyse v. District Court*, 180 Colo. 88, 503 P.2d 154 (1972). In this case Bucci has long since served his sentence, and although the controversy is not technically moot, *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), its consequence has certainly been diminished by the passage of twenty years and defendant's subsequent felony conviction.

■■■■ We have recently held that all allegations relating to

the violation of a defendant's constitutional rights should be included in a single Crim. P. 35(b) motion. *People v. Hubbard, supra.* We note that equitable principles govern federal habeas corpus proceedings. One seeking relief in habeas corpus may disqualify himself, by his conduct, for the relief which he seeks. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Thus, a judge has discretion to dismiss a petition for a writ of habeas corpus if the petitioner has made an abusive use of the writ. *Wong Doo v. United States,* 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999 (1924).

The Judicial Conference of the United States has recently proposed rules for habeas corpus proceedings,[1] and the American Bar Association has adopted Standards Relating to Post-Conviction Remedies. The purpose of the rules which relate to stale or delayed claims is to minimize abuse of post-conviction procedures by limiting the right to assert such claims.

We have elsewhere recognized the American Bar Association Standards for Criminal Justice, *People v. Hubbard, supra; People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971); *Dabbs v. People,* 175 Colo. 273, 486 P.2d 1053 (1971), and believe that the American Bar Association Standards for Criminal Justice Relating to Post-Conviction Remedies § 2.4(c) provide adequate guidelines in the area of stale claims.

§ 2.4(c) provides:

"(c) A state has a legitimate interest in avoiding litigation of stale claims. Where an applicant has completed service of a challenged sentence and, belatedly, seeks post-conviction relief, he can be charged with the responsibility of showing present need for such relief. A sufficient showing of present need is made, for example, where:

---

[1] *See* Rule 9(a) of the *Preliminary Draft of Proposed Rules Governing Habeas Corpus Proceedings for the United States District Courts, Committee on Rules of Practice and Procedure of the Judicial Conference of the United States* (1973).

"(i) an applicant is facing prosecution, or has been convicted, under a multiple offender law and the challenged conviction or sentence may be, or has been, a factor in sentencing for the current offense.

"(ii) an applicant is or may be disadvantaged in seeking parole under a later sentence; or

"(iii) an applicant is under a civil disability resulting from the challenged conviction and preventing him from a desired and otherwise feasible action or activity."

 We adopt § 2.4(c) of the Standards and hold that under the circumstances of this case where the defendant has long since served his sentence, time has dimmed memories, and court records are misplaced or unavailable, that the defendant has the burden of demonstrating a present need for Crim. P. 35(b) relief. When confronted by a situation such as this one, the trial court should require the defendant to make an *in limine* showing that he has a present need for relief under the guidelines of § 2.4(c). If the defendant cannot make such a showing, the court should deny the Crim. P. 35(b) motion. *See Hudson v. Alabama,* 361 F. Supp. 1102 (M.D. Ala. 1973).

## II.

 The defendant's argument that the trial court should have granted his Crim. P. 35(b) motion because there was not sufficient evidence that defendant's 1950 guilty plea was made with knowledge of the elements of forgery is without merit. Implicit in this argument is the contention that *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), has retroactive application. We have held to the contrary on several occasions. *People v. Alvarez,* 181 Colo. 213, 508 P.2d 1267 (1973); *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970).

Prior to *Boykin, supra,* the trial court had no affirmative duty to spell out to the defendant the specific elements of the crime charged. The trial judge could accept a guilty plea if he found from the evidence presented that the defendant understood the nature of the charge and consequences of his plea. *People v. Hubbard, supra; Ward v. People, supra; Lucero v. People,* 164 Colo. 247, 434 P.2d 128 (1967).

The record here adequately supports the voluntariness of defendant's 1950 guilty plea. He had pled guilty in 1945 to the same offense, and subsequently, successfully challenged the conviction in a Crim. P. 35(b) proceeding on the grounds that he may have had a defense to one of the elements of forgery. He was represented by counsel who testified that it was his practice at the time to read the information to his clients and to go over the factual circumstances of the alleged criminal conduct. Defendant admitted "writing checks" on his father at the 1972 hearing and the forged check was admitted in evidence at the 1950 providency hearing. The record indicates that the defendant persisted in his plea after being warned of the sentence that might be imposed. These facts establish that defendant understood the nature and consequences of his plea of guilty to the crime charged. Thus, the trial court correctly denied defendant's Crim. P. 35(b) motion.

The judgment is affirmed.