**No. 26026**
**No. 26027**

**The People of the State of Colorado v. Charles Hampton**
(528 P.2d 1311)

Decided December 9, 1974.

132

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, Janet Lee Miller, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian F. Welch, Deputy, Norman R. Mueller, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

In two separate cases, the defendant Hampton filed Crim. P. 35(b) motions which were denied without a hearing. The denial of post-conviction relief and of an evidentiary hearing precipitated an appeal in both cases. We reverse and remand for an evidentiary hearing in accordance with the standards which are enunciated in this opinion.

The validity of a guilty plea is again the issue on appeal. We are faced with the perennial problem of searching a stale record to review a providency hearing which occurred long ago to determine whether an accused was afforded every right guaranteed by the Constitution at the time the plea was entered.

The defendant was represented, at the time one plea of guilty was entered, by two of Denver's most prominent lawyers. The testimony in one case was recorded by a venerable court reporter who used the Pitman Shorthand System which can now be said to be extinct. Both the reporter and the lawyers have long since died.

From the record that is before us, we have ascertained that

Hampton plead guilty to the charge of receiving stolen property in 1955 and later to the charge of conspiracy to commit burglary in 1956. He has served the sentences which were imposed in both cases. His *pro se* motions for relief under Crim. P. 35(b) were filed in 1972 and 1973 seeking to vacate both the plea and the judgment and sentence in both cases. The Crim. P. 35(b) motions alleged violations of constitutional and statutorily mandated requirements. *U.S. Const.* amend V; C.R.S. 1953, 39-7-8. The trial court, in both cases, denied the motions without a hearing.

The denial in the receiving case was predicated upon the fact that there was no transcript which could be obtained to gauge the defendant's allegations. *People v. Shearer,* 181 Colo. 237, 508 P.2d 1249 (1973). *See Norvell v. Illinois,* 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963). The court concluded that the defendant was represented by counsel which caused a presumption to attach to the plea of guilty which would establish that the requirements of C.R.S. 1953, 39-7-8 were met.

■ In the conspiracy case, the trial court's denial was predicated on the fact that the defendant was represented by counsel and existing statutory requirements were met. The appeals which are before us assert that the trial court could not make such a determination without holding a hearing. Post-conviction proceedings are provided as a method of preventing injustices from occurring after a defendant has been convicted and sentenced, but not for the purpose of providing a perpetual right of review to every defendant in every case. In balancing the rights of the accused in post-conviction proceedings against the recurring problems which face the courts and society, we elected to follow the *American Bar Association Standards for Criminal Justice* relating to delayed applications for relief. *People v. Hubbard,* 184 Colo. 243, 519 P.2d 945 (1974); *People v. Bucci,* 184 Colo. 367, 520 P.2d 580 (1974).

■ Our conclusion in this case is buttressed by § 2.4(c) of the *American Bar Association Standards for Criminal Justice Relating to Post-Conviction Remedies,* which provides:

"(c) A state has a legitimate interest in avoiding litigation of stale claims. Where an applicant has completed service of a challenged sentence and, belatedly, seeks post-conviction relief, he

can be charged with the responsibility of showing present need for such relief. A sufficient showing of present need is made, for example, where:

"(i) an applicant is facing prosecution, or has been convicted, under a multiple offender law and the challenged conviction or sentence may be, or has been, a factor in sentencing for the current offense;

"(ii) an applicant is or may be disadvantaged in seeking parole under a later sentence; or

"(iii) an applicant is under a civil disability resulting from the challenged conviction and preventing him from a desired and otherwise feasible action or activity."

Section 2.4(c) casts upon the defendant the requirement of establishing a present need for post-conviction relief.

A hearing is necessary to determine whether such a need exists. Since Hampton's motions were denied without a hearing, both cases are remanded to the trial court for an *in limine* hearing. At the *in limine* hearing, the trial court should determine whether the defendant can establish the requisite present need for post-conviction relief. *People v. Hubbard, supra; People v. Bucci, supra.*

Accordingly, the judgments are reversed and remanded for proceedings consistent with the views expressed herein.