**Gerald Reed MOLAND, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 86SC173.**

Supreme Court of Colorado,
En Banc.

June 6, 1988.

Haddon, Morgan & Foreman, P.C., Norman R. Mueller, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt Kriksciun, Benjamin I. Sachs, Asst. Attys. Gen., Denver, for respondent.

LOHR, Justice.

Following a jury trial in 1975, the Denver District Court entered judgment convicting the defendant, Gerald Reed Moland, of robbery and conspiracy to commit robbery. Seven years later, after he had served the sentences imposed, the defendant filed a motion under Crim.P. 35(c) seeking to vacate the judgment of conviction. The trial court held a hearing and thereafter denied the motion. The Colorado Court of Appeals, in an unpublished opinion, reversed the trial court's ruling because of lack of sufficient findings and conclusions, and remanded the case for further proceedings. Following a rehearing, the trial court again denied the motion, holding, among other things, that the defendant had not demonstrated a present need for postconviction relief. The defendant again appealed to the court of appeals. The court held that while present need for postconviction relief had existed at the time the defendant originally filed his motion, the defendant's motion had become moot because the need had dissipated. The court of appeals accordingly dismissed the appeal. The defendant then sought review by writ of certiorari to this court. We granted certiorari and now reverse the judgment of the court of appeals.

## I.

On February 13, 1975, a Denver District Court jury found the defendant guilty of robbery, § 18-4-301, 8 C.R.S. (1973), and conspiracy to commit robbery, § 18-2-201, 8 C.R.S. (1973), and thereafter the court sentenced him to probation. The defendant

did not appeal from the judgment of conviction. On June 2, 1977, the defendant's probation was revoked and he was sentenced to concurrent terms of imprisonment of ten years for robbery and five years for conspiracy to commit robbery.

On July 28, 1982, after he had completed service of his sentences, the defendant filed a motion for postconviction relief pursuant to Crim.P. 35(c), seeking to vacate the robbery and conspiracy convictions. At the time the defendant sought postconviction relief, he faced habitual criminal charges in a separate case, and the judgment of conviction he sought to vacate was alleged as a predicate offense for adjudication of the defendant as an habitual criminal. A hearing was held on the defendant's motion on August 18, 1982, after which the trial court took the matter under advisement. The trial court denied the motion, after further argument, on September 14, 1982. On that same day, the habitual criminal charges were dismissed.

The defendant appealed the trial court's denial of his postconviction relief motion to the court of appeals. On appeal, the prosecution argued that no present need for postconviction relief existed because the defendant had fully served the sentences for the 1975 conviction and the habitual criminal charges in the second case had been dismissed. The court of appeals, in an unpublished opinion, held that because the habitual criminal charges were pending when the defendant's motion was filed, present need existed when relief was sought. Moreover, the court stated, the prosecution had raised the present need issue for the first time on appeal. The court implied that the prosecution had thereby waived appellate consideration of present need. The court, however, remanded the case to the trial court for findings of fact and conclusions of law regarding the merits of the defendant's Crim.P. 35(c) motion since the trial court's ruling lacked sufficient detail to permit appellate review.

On remand, the trial court held that the defendant did not have a present need for relief. The court then ruled on the merits of the defendant's motion, holding that there was no error justifying postconviction relief. The defendant appealed the ruling to the court of appeals. In its second opinion, the court of appeals held that even though the defendant had a present need when his motion for postconviction relief was filed, the dismissal of the habitual criminal charge made his motion and his appeal moot. Accordingly, the court dismissed the appeal without addressing the merits. *People v. Moland,* 721 P.2d 1214, 1216 (Colo.App.1986). We granted certiorari to review the issues of mootness and present need.

## II.

The court of appeals held that while the defendant had a present need at the time he filed his Crim.P. 35(c) motion, the dismissal of the habitual criminal charge rendered his appeal from the denial of the Crim.P. 35(c) motion moot. The defendant argues that the court of appeals erred in applying the mootness doctrine to this case. We agree that the case is not moot.

In *Sibron v. New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968), the United States Supreme Court stated that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." In *Sibron,* the two appellants were convicted of crimes in New York state courts on the basis of evidence seized from their persons by police officers. By the time their appeal had reached the United States Supreme Court, one of the appellants had completed his sentence and New York argued that his case therefore had become moot. In concluding that the case was not moot, the Court stated its reasons as follows:

> The question of the validity of a criminal conviction can arise in many contexts ... and the sooner the issue is fully litigated the better for all concerned. It is always preferable to litigate a matter when it is directly and principally in dispute, rather than in a proceeding where it is collateral to the central controversy. Moreover,

litigation is better conducted when the dispute is fresh and additional facts may, if necessary, be taken without a substantial risk that witnesses will die or memories fade. And it is far better to eliminate the source of a potential legal disability than to require the citizen to suffer the possibly unjustified consequences of the disability itself for an indefinite period of time before he can secure adjudication of the State's right to impose it on the basis of some past action.

*Sibron*, 392 U.S. at 56–57, 88 S.Ct. at 1899 (citation omitted). The United States Supreme Court recently reaffirmed *Sibron's* mootness holding in *Evitts v. Lucey*, 469 U.S. 387, 391 n. 4, 105 S.Ct. 830, 833 n. 4, 83 L.Ed.2d 821 (1985) (prisoner's release from custody and restoration of civil rights during pendency of appeal did not render petition for writ of habeas corpus moot because potential collateral consequences of conviction remained).

■ We addressed the doctrine of mootness as it relates to postconviction proceedings in *People v. Bucci*, 184 Colo. 367, 520 P.2d 580 (1974). In *Bucci*, the defendant brought a Crim.P. 35(b)[1] proceeding to vacate a judgment of conviction for forgery twenty-two years after entry of the judgment. At the time he sought postconviction relief, the defendant had long since served his sentence. Citing *Sibron*, we noted that while the defendant's appeal was not technically moot, its consequence had been diminished by the passage of time and by the defendant's subsequent felony conviction for forgery. *Id.* at 370, 520 P.2d at 581. We addressed the issue of the showing required of a defendant as a condition to postconviction relief, and adopted the present need test set forth in the ABA *Standards Relating to Post–Conviction Remedies* § 2.4(c) (1968). The standards, now set forth in IV ABA *Standards for Criminal Justice* § 22–2.4 (2d ed. 1986)

(ABA Standards), are essentially the same and provide:

(c) Where an applicant has completed service of a challenged sentence and belatedly seeks postconviction relief, he or she can be charged with the burden of showing present need for such relief. A sufficient showing of present need is made where:

(i) an applicant is facing prosecution or has been convicted and the challenged conviction or sentence may be, or has been, a factor in sentencing for the current offense;

(ii) an applicant may be disadvantaged in obtaining parole under a later sentence; or

(iii) an applicant is under a civil disability resulting from the challenged conviction and preventing the applicant from a desired and otherwise feasible action or activity.

We held that under the circumstances of the case, "where the defendant has long since served his sentence, time has dimmed memories, and court records are misplaced or unavailable. ... the defendant has the burden of demonstrating a present need for Crim.P. 35(b) relief." *Bucci*, 184 Colo. at 372, 520 P.2d at 582.[2] Thus, under *Bucci*, the viability of stale or delayed claims for postconviction relief is analyzed in terms of present need, rather than traditional mootness principles. *Accord People v. Muniz*, 667 P.2d 1377, 1381 (Colo.1983). The court of appeals therefore erred in dismissing the defendant's claim for postconviction relief on the ground of mootness. We must next determine, however, whether the dismissal can be sustained on the basis of absence of present need for relief.

### III.

■ The defendant argues that the prosecution, by failing to raise the issue of

---

**1.** Crim.P. 35(b), in effect at the times relevant in *Bucci*, was amended on November 13, 1979, and is now Crim.P. 35(c). While Crim.P. 35(c) is more extensive than its predecessor, key substantive provisions are essentially similar and our analysis of present need in the context of a Crim.P. 35(b) motion in *Bucci* applies equally to

our determination of the procedure for addressing present need under Crim.P. 35(c).

**2.** Crim.P. 35(b) as it existed when *Bucci* was decided is now found at Crim.P. 35(c). See n. 1, above.

present need at the initial Crim.P. 35(c) hearing, waived any future requirement that the defendant demonstrate present need. A review of the record reveals that the prosecution did not object to the defendant's failure to show present need at the first hearing. As a result, the People lost the right to require that the defendant show present need, at least for purposes of the first appeal. *Cf. Steagald v. United States,* 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981) (government loses its right on appeal to raise factual issues concerning a defendant's lack of standing to challenge a search when it has acquiesced in contrary findings or has failed to raise the issue in a timely fashion during litigation in the trial court); *People v. Sporleder,* 666 P.2d 135, 138–39 (Colo.1983) (where prosecution did not oppose defendant's suppression motion in the trial court on the basis of lack of state action, court will not address the question on appeal); *People v. Hearty,* 644 P.2d 302 (Colo.1982) (where district attorney at a suppression hearing initially objected to defendant's standing to contest search, but later withdrew any objection, prosecution's contention on appeal that defendants lacked standing deemed waived).

█ In its first, unpublished opinion, the court of appeals stated that because the defendant was facing habitual criminal charges when he filed his motion for post-conviction relief, he had a present need for such relief. Additionally, the court stated that the prosecution had raised the present need issue for the first time on appeal, implying that the prosecution had waived consideration of the issue. The court then remanded the case to the trial court for resolution of the defendant's motion. In its order to the parties after remand, the trial court stated that one of the issues to be determined at the second hearing was "[d]oes Moland have a present need for the relief sought?" The order further stated that "[i]t is assumed that there will be no dispute as to the facts on the present need question. If there is a dispute the parties should present any additional evidence at the hearing." The parties presented no evidence at the second hearing regarding present need, although both sides argued the issue at the conclusion of the hearing. The trial court found that no present need existed. While the prosecution lost the right to assert the present need requirement for purposes of the first hearing, the issue was properly reargued on remand because the trial court introduced the issue at its own instance before the second hearing.

█ The defendant argues, however, that the court of appeals' ruling in its original decision resolved the present need issue against the prosecution and that the ruling became the law of the case. Consequently, the defendant contends, the trial court was precluded from allowing reargument on the issue.

The pronouncement of an appellate court on an issue in a case presented to it becomes the law of the case. Rulings logically necessary to the holding of the appellate court also become the law of the case. The law of the case as established by an appellate court must be followed in subsequent proceedings before the trial court.

*People v. Roybal,* 672 P.2d 1003, 1005 (Colo.1983) (citations footnotes omitted). It is true that the court of appeals stated in its first opinion that present need existed and implied that the prosecution had waived appellate consideration of the issue. However, we do not read the court of appeals' opinion to foreclose further consideration of the issue on remand, either on the basis of the facts as they existed at the time the motion was filed or as they may have changed in any relevant way subsequent to that time. Instead, the court of appeals allowed the trial court broad latitude in the order of remand, charging the trial court to enter "specific findings of fact and conclusions of law regarding the Crim.P. 35(c) motions." We will not give a cramped reading to the court of appeals' order of remand. Accordingly, it was within the trial court's discretion to consider the present need issue on rehearing, and the issue is therefore properly before us on certiorari review.

## IV.

As we stated above, under section 22–2.-4(c) of the ABA Standards the defendant has the burden of demonstrating a present need for postconviction relief when the defendant has completed service of the sentence for the challenged conviction and belatedly seeks such relief. *Muniz,* 667 P.2d at 1381; *Bucci,* 184 Colo. at 372, 520 P.2d at 582. The question we must address, and which we have not heretofore expressly resolved, is at what stage of the proceedings the present need must exist. At the time the defendant filed his Crim.P. 35(c) motion, his 1975 judgment of conviction was one of the convictions being used to support habitual criminal charges against him in another case. It is clear, however, that the present need that existed at the time the motion was filed dissipated upon the dismissal of the habitual criminal charges. The defendant contends that under section 22–2.4(c) of the ABA Standards and Colorado case law, present need is sufficiently established if it is shown to have existed at the time the motion for postconviction relief was filed. Moreover, the defendant contends, so long as present need existed at that time, subsequent events eliminating such need do not preclude judicial determination of the postconviction challenge. In this case, for example, under the rule advocated by the defendant, because the existence of the habitual criminal charges created a present need at the time he filed his Crim.P. 35(c) motion, the subsequent dismissal of those charges did not preclude the court from ruling on the motion.

The defendant cites *Bucci* and *Muniz* in support of his argument. In *Bucci,* the defendant requested postconviction relief from a conviction that was over twenty years old and for which the sentence imposed had been served. Nevertheless, both the trial court and this court considered the merits of the defendant's motion for postconviction relief. There is no indication, however, whether present need existed in *Bucci* at the time the defendant filed his motion for postconviction relief or whether if present need existed at that time, it dissipated prior to appeal. Moreover, the

trial court ruled on the defendant's motion before we adopted the present need standard. While we adopted the standard on appeal in *Bucci* and held that "[w]hen confronted by a situation such as this one, the trial court should require the defendant to make an *in limine* showing that he has a present need for relief under the guidelines of [ABA Standard] 2.4(c)," we did not require the defendant to make such a showing. Rather than remanding the case to the trial court for findings in accordance with the present need standards, we proceeded to resolve the defendant's Rule 35 motion on the merits. *See Bucci,* 184 Colo. at 372–73, 520 P.2d at 582–83.

*Muniz* was a consolidated appeal involving two defendants who had moved for postconviction relief after having served their sentences. We held that in each defendant's case the trial court correctly concluded that the defendant had shown a present need for the relief sought under section 22–2.4(c) of the ABA Standards. *Muniz,* 667 P.2d at 1381. Defendant Muniz showed present need by establishing to the court's satisfaction at the time of the hearing on the motion for postconviction relief that the conviction "was about to be used against Muniz in a sentencing hearing on an independent matter, and also that it would likely constitute the basis of a criminal charge yet to be filed in Adams County." *Id.* at 1380. Defendant Montoya showed present need at the Crim.P. 35(c) hearing by demonstrating "that he was serving a habitual criminal sentence based in part on the 1964 guilty plea which he was then challenging." *Id.* at 1381. In short, *Muniz* held that demonstration of a present need at the time of the hearing on postconviction relief satisfied the present need requirement. We did not address whether present need must be alleged in the motion or what the effect might be if present need should dissipate between the time of filing the motion and the time of hearing or between the time of hearing and appellate consideration of the case. *Muniz* provides only partial guidance in resolving the issue before us in the present case.

The People argue that a trial court may determine the issue of present need any time it has jurisdiction over the matter, citing *People v. Hampton,* 187 Colo. 131, 528 P.2d 1311 (1974). In *Hampton,* the defendant sought postconviction relief from two prior convictions. The trial court denied relief without a hearing and without addressing present need. We held that the trial court should have addressed the defendant's two motions under the present need test as set forth in the ABA Standards, citing *People v. Hubbard,* 184 Colo. 243, 519 P.2d 945 (1974), and *People v. Bucci,* 184 Colo. 367, 520 P.2d 580 (1974). *Hampton,* 187 Colo. at 134, 528 P.2d at 1312. We further held that a hearing was necessary to determine whether a need existed and remanded the case to the trial court for an *in limine* hearing to determine whether the defendant could establish the requisite present need for postconviction relief. *Id.* at 134, 528 P.2d at 1313. *Hampton,* like *Muniz* and *Bucci,* establishes only that a determination of present need is to be made by the trial court at the hearing on the defendant's motion for postconviction relief.

■ The precedents discussed above provide a partial framework for the more detailed procedure that we now hold to be appropriate for resolution of present need issues. As a threshold matter, a party seeking postconviction relief must allege with particularity in his motion for such relief that present need exists for the relief sought. *Cf. People v. Bruebaker,* 189 Colo. 219, 221, 539 P.2d 1277, 1278 (1975) (bald allegation of constitutional error in motion for postconviction relief is insufficient for review when specific facts are not pleaded to support the claim); *Hooker v. People,* 173 Colo. 226, 477 P.2d 376 (1970) (same). The alleged present need must continue to exist until the time of the hearing on the motion. If the alleged need dissipates prior to the hearing, the trial court should deny the motion. The present need test allows a defendant with a stale or delayed claim that would be moot under traditional mootness principles to adjudicate the claim on its merits. If the present need on which the claim was originally

based dissipates, the reason for allowing postconviction relief disappears as well. With no present need, a resolution of the claim would be no more than an exercise in abstraction and a needless use of judicial resources.

■ For the same reasons that a defendant's claim should be dismissed if the present need alleged in the original motion dissipates, when a different present need arises prior to the hearing on the motion, the defendant should be allowed to amend his original petition to allege the new present need. Because of "the inevitable delays in our court processes," *Carafas v. LaVallee,* 391 U.S. 234, 240, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968), it is not unlikely that one form of present need may dissipate and another form arise in its stead. Irrevocably conditioning a defendant's ability to litigate a postconviction relief claim upon the continued existence of the present need originally alleged would ignore the reality of the various adverse effects that can stem from a prior conviction. A defendant could suffer the collateral consequences of an invalid conviction without being afforded the opportunity to challenge the conviction in a pending Crim.P. 35(c) motion proceeding simply because the present need upon which the claim was based did not arise until after the original motion was filed. The logic and purpose of the present need test compel a different result. Therefore, we hold that if a new present need arises prior to a hearing on the defendant's motion for postconviction relief, the defendant may seek to amend his original pleading to reflect the change.

Like amendments to complaints in civil actions, amendments to motions for postconviction relief that reflect changes in present need should generally be allowed "to secure the just, speedy, and inexpensive determination of every action." *Varner v. Dist. Court,* 618 P.2d 1388, 1390 (Colo.1980) (quoting C.R.C.P. 1(a)). In *Varner,* we outlined the salient considerations governing a trial court's resolution of a motion to amend a pleading in a civil proceeding. We quoted from the United States Supreme Court's opinion in *Foman*

*v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), in which the Court stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Varner,* 618 P.2d at 1390 (quoting *Foman,* 371 U.S. at 182, 83 S.Ct. at 230). *See also H.W. Houston Const. Co. v. Dist. Court,* 632 P.2d 563, 565 (Colo.1981) ("Leave to amend shall be freely given when justice so requires."). We believe that similar considerations should inform a court's decision on whether to grant leave to amend an application for postconviction relief to assert a new or different present need.

If a motion is amended to assert a new or different present need, the trial court must then determine at the hearing on the motion whether the claim may be heard on the merits based on the new present need. At the hearing the defendant has the burden of demonstrating, under the guidelines of section 22–2.4 of the ABA Standards, the existence of a present need for the relief sought. *Muniz,* 667 P.2d at 1381; *Bucci,* 184 Colo. at 372, 520

P.2d at 582. The facts as resolved by the trial court at the hearing shall constitute the operative facts for the purpose of appellate review.[3]

In this case it is undisputed that the original present need dissipated when the habitual criminal charges were dismissed. The defendant therefore had the burden to allege and prove a new present need. *See Muniz,* 667 P.2d at 1381. The trial court should first determine whether the defendant should be allowed to amend his original motion for postconviction relief to allege the new present need.[4] If the court permits amendment, it should then hold a hearing on the defendant's amended motion. If, following the hearing, the court determines that no new present need exists, it should deny the defendant's motion without reaching the merits of the motion. If the court determines that a new present need exists, it may then reconfirm or give further consideration to its prior ruling on the substantive merits of the motion.[5]

The judgment of the court of appeals is reversed and the case is returned to that court with directions to remand the matter to the trial court for further proceedings in accordance with the views expressed in this opinion.

3. We do not believe it to be practicable to permit consideration by an appellate court of either new bases of present need arising subsequent to the trial court's determination of a motion for postconviction relief or dissipation of any present need upon which the trial court's ruling was based. The necessary factual determinations to resolve these issues cannot be made at the appellate level, and we believe that a procedure for limited remand would be cumbersome and would not contribute to efficient use of judicial resources.

4. The defendant contends that a new present need does exist. He argues that the 1975 convictions made him ineligible for probation in the 1982 case. *See* § 16–11–201(2), C.R.S. (1986). We express no opinion on the merits of

the defendant's argument, as the question of whether a new present need exists is to be resolved by the trial court on remand.

5. A defendant's right to obtain postconviction relief is limited by the operation of § 16–5–402, 8A C.R.S. (1986), a statute of limitations for collateral attacks on criminal convictions. Therefore, in addition to raising the present need issue properly in a Crim.P. 35 motion, a defendant must bring the motion within the appropriate statute of limitations or demonstrate that the facts fall within one of the several statutory exceptions thereto. The parties did not raise the applicability of § 16–5–402 or the statute's relationship to present need as issues in this case. We therefore do not address the statute's operation here.