The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Steven M. **ST. JAMES**, Defendant–Appellant.

No. 95CA1160.

Colorado Court of Appeals, Div. III.

June 27, 1996.

Rehearing Denied July 25, 1996.

Certiorari Granted Feb. 18, 1997.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

**502**

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Clement P. Engle, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Chambers, Dansky and Hansen, P.C., David J. Dansky, Denver, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Steven M. St. James, appeals from the trial court order denying his Crim. P. 35(c) motion seeking resentencing to remedy an alleged breach of a plea agreement in which the prosecution agreed not to advocate for a particular sentence. We affirm.

In 1991, pursuant to a plea agreement, defendant pled guilty to one count of felony theft by receiving and one count of felony attempted possession of a vehicle without a vehicle identification number. Pursuant to the agreement, the prosecution stipulated as follows:

[T]he District Attorney agrees not to advocate a sentence to the Department of Corrections; nor a sentence of probation; nor a sentence to Community Corrections. However, this stipulation shall not in any manner prevent the prosecution from placing all of the appropriate facts before the Court for consideration.

At the sentencing hearing, defendant and his attorney addressed the court, and the prosecutor responded, concluding with the following remarks:

Your Honor, the defendant's criminal history runs from basically when he was 18 years old until the present date. Now, it's a continuous criminal history, time after time after time after time, he commits crimes.... I paint a different picture of Mr. St. James. I paint a picture of Mr. St. James that he is a consummate con artist, and he knows precisely what he's done.

He's very smart at what he's doing, he's done it so often. And, yet, he only walks away with so few convictions.... And does he pay for [the cars involved in the charges]? No, he doesn't pay a thing for them. And, yet, a few years later, in between the time he pled guilty in this case and the time he is here today, he does the same thing again. He cons women or convinces these women that they should be involved in these insurance scams....

The court sentenced defendant to fourteen years for theft by receiving, with a consecutive six-year sentence for attempted possession of a vehicle without a vehicle identification number.

Defendant appealed his sentence, and a division of this court affirmed. *People v. St. James,* (Colo.App. No. 91CA1843, July 16, 1992)(not selected for official publication). In that appeal, defendant did not raise his present claim that the prosecutor's statements at sentencing violated the terms of the plea agreement.

In 1994, in response to defendant's Crim. P. 35(b) motion, the court reduced defendant's sentence for the theft-by-receiving conviction to eight years. It maintained defendant's sentences in all other respects.

In 1995, defendant filed the present Crim. P. 35(c) motion. In that motion, defendant alleged that the prosecutor's statements during the 1991 sentencing proceeding violated the terms of the stipulation and plea agreement. Defendant's claim was based on the prosecutor's recitation of defendant's criminal record and the prosecutor's suggestion that defendant was a "consummate con artist" who had repeatedly engaged in the type of insurance scams for which he was being sentenced. The trial court denied defendant's motion.

Defendant contends that his sentence should be vacated and the case remanded for resentencing because the prosecution breached the obligation under the plea agreement not to advocate for a particular sentence or type of sentence. We disagree.

█ As an initial matter, we reject the People's contention that defendant's claim is

moot because the sentencing court in 1994 reduced defendant's sentence pursuant to defendant's Crim. P. 35(b) motion. Defendant is currently serving the sentences imposed as a result of the plea agreement which he claims was violated. The claim asserted here is unrelated to that made in the motion for reduction of sentence, and defendant's need for resolution continues to exist. Therefore, the claim is not moot. *See generally Moland v. People,* 757 P.2d 137 (Colo.1988).

■ Because defendant's claim is constitutional in dimension and is distinct from the sentencing argument raised on direct appeal, we also reject the People's assertion that defendant is barred from pursuing his present claim because he failed to raise it on direct appeal. *See People v. Rodriguez,* 914 P.2d 230 (Colo.1996); *People v. Macrander,* 756 P.2d 356 (Colo.1988)(a defendant has a due process right to enforcement of prosecutorial promises made as part of a plea agreement). We further decline to address the prosecution's challenge to defendant's motion as an abuse of process because that assertion was not properly raised as an affirmative defense and presented to the trial court. *See People v. Rodriguez, supra.*

The standard for reviewing a trial court's determination of a claim that a plea agreement has been breached is unsettled. *See United States v. Pollard,* 959 F.2d 1011 (D.C.Cir.1992), *cert. denied* 506 U.S. 915, 113 S.Ct. 322, 121 L.Ed.2d 242 (1992). However, in this case defendant did not seek an evidentiary hearing on his Crim. P. 35(c) motion and, on appeal, likewise does not allege that any extrinsic evidence is relevant to an interpretation of the stipulation. Rather, he bases his appeal solely on the transcript of the sentencing hearing. Therefore, in the circumstances presented, we will assume without deciding that the question presented is one of law for *de novo* review.

Defendant contends that the prosecutor's argument was "supercharged with inflammatory rhetoric" inconsistent with the reasonable meaning of the stipulation. While the contention is made on appeal without reference to the portions of the argument challenged, defendant appears to be referring again to the prosecutor's description of defendant as "a consummate con artist" with "a continuous criminal history" who "is smart at what he is doing, he has done it so often" and who "cons women."

■ An accused is entitled as a matter of due process to be treated with fairness throughout the criminal process. *People v. Romero,* 745 P.2d 1003 (Colo.1987). This includes the accused's right to enforcement of governmental promises that were part of a plea agreement and reasonably induced the accused to enter a guilty plea. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

That defendant was induced to plead guilty by the prosecutor's promise concerning sentencing is not challenged on appeal. Hence, the question to be decided is whether the comments of the prosecutor at sentencing violated the reasonable expectations of defendant resulting from that promise.

■ First, we note that the prosecution did not agree to take "no position" on sentencing. Rather, it agreed only that it would not advocate for a particular sentence, a more narrow promise. *See United States v. Moscahlaidis,* 868 F.2d 1357 (3d Cir.1989).

The stipulation also made clear that it did not in any manner prevent the prosecution from placing all of the appropriate facts before the trial court for its consideration in sentencing. An agreement with this combination of elements permits the prosecutor some latitude in attempting to influence the sentence without actually commenting on the sentence itself. *See United States v. Moscahlaidis, supra.*

The rhetoric defendant challenges falls short of the more inflammatory rhetoric involved in cases relied on by defendant, such as *United States v. Moscahlaidis, supra,* and in other cases which have divided the courts, such as *United States v. Pollard, supra.* Furthermore, the prosecutor here was responding to defense counsel's argument that, although the probation report had referred to defendant as a con artist, he was not a very bright one, and his victims were more involved than mere victims of theft. *Cf. United States v. Hand,* 913 F.2d 854 (10th

Cir.1990)(a promise to recommend a reduction in sentence is not a promise to stand mute in the face of incorrect or misleading testimony).

The line between "appropriate facts" properly presented and "inflammatory rhetoric" implicitly advocating for a particular sentence cannot be drawn with mathematical precision. Nevertheless, it remains our responsibility to determine whether that line has been crossed. We conclude that the prosecutor's comments did not include such inflammatory superlatives or general attacks on character as to violate any reasonable expectation arising under defendant's plea agreement.

Order affirmed.

STERNBERG, C.J., and HUME, J., concur.