The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James D. MUNKUS, Defendant–Appellant.

No. 01CA1385.

Colorado Court of Appeals.

Aug. 15, 2002.

Certiorari Denied Dec. 23, 2002.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

James D. Munkus, Pro Se.

Opinion by Judge STERNBERG.*

Defendant, James D. Munkus, appeals the trial court order denying his Crim. P. 35 motion for postconviction relief. We affirm.

In 1990, defendant pleaded guilty to aggravated robbery and a crime of violence count in exchange for the dismissal of other charges, including three habitual criminal counts. Under the terms of the plea agreement, defendant was to receive a sentence of between ten and thirty-two years in the Department of Corrections (DOC). The trial court imposed the maximum sentence of thirty-two years in DOC.

Defendant appealed the sentence, and a division of this court affirmed in *People v. Munkus*, (Colo.App. No. 90CA1269, Apr. 11, 1991)(not published pursuant to C.A.R. 35(f)). The mandate issued on September 12, 1991.

Defendant later filed a petition for writ of habeas corpus alleging that he had not been advised of his right to self-representation. Treating the petition as a Crim. P. 35(c) motion, the trial court denied it.

Defendant appealed the order, and a division of this court affirmed in *People v. Munkus*, (Colo.App. No. 96CA0296, Sept. 5, 1996)(not published pursuant to C.A.R. 35(f)).

In 1999, defendant filed a second Crim. P. 35(c) motion, in which he: requested a proportionality review of his sentence; argued that his due process rights were violated because the trial court relied on his prior criminal convictions that "were not validated" in imposing the aggravated range sentence; and alleged that his plea counsel had rendered ineffective assistance by not disputing allegedly mistaken facts at the providency and sentencing hearings.

Shortly thereafter, defendant filed a third motion, entitled "Motion to Vacate Judgement [sic] and to make a Withdrawal of Guilty Plea, Pursuant to Rule 11(B) and Rule 35(C), Colorado Criminal Procedure." In this motion, he argued that his plea had not been knowing, voluntary, or intelligent because the trial court at sentencing mistakenly stated that he was on parole at the time of this offense and that he had used a toy or plastic replica handgun during the crimes, which could not be considered a deadly weapon for purposes of his conviction. He also reiterated the claim that his plea counsel had rendered ineffective assistance, this time alleging that counsel had coerced him into accepting the plea bargain. He argued that these issues were "jurisdictional" and therefore not subject to the time bar for filing postconviction motions under § 16–5–402(1), C.R.S.2001, and that the late filing was attributable to ineffective assistance of counsel.

The trial court denied the request for a proportionality review, and it concluded that the sentencing court had stated other reasons for imposing the aggravated range sentence and had not relied solely on defendant's parole status. The court denied the motion as to all other issues as time barred by § 16–5–402(1).

In 2001, defendant filed a fourth motion for postconviction relief, this time arguing that the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), rendered his aggravated range sentence illegal and that he should be permitted to withdraw his guilty plea. He alleged that *Apprendi* provided justifiable excuse or excusable neglect for the late filing of his motion and that his illegal sentence claim could be brought at any time under Crim. P. 35(a).

The trial court denied this motion without a hearing, concluding that *Apprendi, supra*, is not to be applied retroactively and does not provide relief for defendant under these circumstances.

This appeal followed.

I.

As an initial matter, we note that the parties dispute whether defendant's motion should be considered under Crim. P. 35(a) or (c) and whether the three-year time limitation in § 16–5–402(1) applies.

---

* Sitting by assignment of the Chief Justice under the provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

However, we elect to decide the merits of defendant's appeal without resolving the parties' various procedural contentions. *See People v. Gardner*, 55 P.3d 231 (Colo.App. 2002); *see also People v. Kilgore*, 992 P.2d 661 (Colo.App.1999)(electing to address merits of Crim. P. 35(c) motion despite its untimeliness).

## II.

Defendant contends that his sentence is illegal under *Apprendi v. New Jersey, supra,* because the crime of violence charge was not proved beyond a reasonable doubt to a jury. Specifically, he argues that there was insufficient evidence that he used or threatened the use of a deadly weapon during the course of the aggravated robbery. We reject this contention.

In *Apprendi,* the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455 (emphasis added).

Here, defendant pleaded guilty to aggravated robbery and one count of crime of violence. The plea agreement defendant signed provided that, by entering his guilty plea, he was waiving certain rights, specifically the right to a jury trial and "the right to have the prosecution prove each and every element of the offenses charged in this matter beyond a reasonable doubt." The plea agreement stated that the elements of the crime of violence count included that "defendant ... used or possessed or threatened the use of a deadly weapon." At the providency hearing, the trial court confirmed these matters with defendant.

Thus, by pleading guilty to the crime of violence charge, defendant waived the right to contest the factual basis for that charge and necessarily admitted beyond a reasonable doubt the elements of that count. Therefore, the facts necessary to subject him to the sentencing range of ten to thirty-two

years in DOC, as set forth in the applicable statutes and the plea agreement, were proved beyond a reasonable doubt. *See Patton v. People*, 35 P.3d 124, 128 (Colo. 2001)(when defendant enters guilty plea, he admits committing the substantive crime or crimes charged against him); *People v. Schneider,* 25 P.3d 755, 759–60 (Colo.2001)(defendant entering a valid guilty plea waives the right to insist that the prosecution establish guilt beyond a reasonable doubt).

Therefore, even assuming *Apprendi* may be applied retroactively, defendant's thirty-two-year sentence here was within the range provided by statute for his offense, and *Apprendi* is inapplicable under these circumstances.

In light of this conclusion, we need not address defendant's additional argument that the trial court violated *Apprendi* by considering his supposed parole status at the time he committed the offense here. *Cf. People v. Broga,* 750 P.2d 59, 62 (Colo.1988)(where sentencing court finds several factors justifying an aggravated range sentence, only one factor need be legitimate to support the court's decision); *People v. Vigil,* 718 P.2d 496, 507 (Colo.1986)(the circumstances of a crime alone may justify the imposition of a lengthy sentence, even a sentence approaching the statutory maximum).

Therefore, because defendant was properly sentenced within the statutory range for his offense, his *Apprendi* claims fail.

## III.

Defendant also argues that his plea counsel rendered ineffective assistance and that his guilty plea was not knowing, voluntary, and intelligent. We reject these claims.

Similar arguments were rejected by the trial court and this court in the earlier proceedings. Defendant raised the issues of ineffective assistance of counsel, the propriety of his sentencing, and the factual basis for his plea in both the second and third motions. He also raised the issue of the validity of his guilty plea in his third motion.

Therefore, to the extent that defendant raises these claims again in the context of his

*Apprendi* argument, we conclude that these reformulated claims are successive, and we need not address them. *See* Crim. P. 35(c)(3) (court need not entertain successive motions for similar relief based upon same or similar allegations); *People v. Rodriguez*, 914 P.2d 230, 249 (Colo.1996)(consideration of argument on appeal will be precluded if its review would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory); *People v. Hampton*, 187 Colo. 131, 133, 528 P.2d 1311, 1312 (1974)(Crim. P. 35 proceedings are intended to prevent injustices after conviction and sentencing, not to provide perpetual review).

Therefore, the order is affirmed.

Judge TAUBMAN and Judge DAILEY concur.