24CA1995 Peo v Gordon 02-12-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1995
Douglas County District Court No. 16CR1099
Honorable Ryan J. Stuart, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Todd Michael Gordon,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE HAWTHORNE*
Dunn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney
General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Todd Michael Gordon, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, Todd Michael Gordon, appeals the postconviction court's order denying his latest postconviction motion without a hearing. We affirm.

## I.    Background

¶ 2    The People charged Gordon with sexual assault, stalking, and violation of a protection order. In exchange for these charges being dismissed, Gordon pleaded guilty to an added misdemeanor charge of unlawful sexual contact – no consent. In 2017, the district court sentenced him, under the plea agreement, to sixty days in jail and four years of probation with sex offender terms and conditions. Gordon later admitted that he violated probation and the court resentenced him to two years in jail with 144 days of presentence confinement credit.

¶ 3    Gordon then timely filed his first pro se Crim. P. 35(c) motion seeking to withdraw his plea based on ineffective assistance of counsel. He claimed that plea counsel had failed to investigate and develop his defense and had not properly advised him on the plea offer's consequences. The postconviction court denied the motion without a hearing. Gordon appealed and a division of this court

affirmed. *People v. Gordon*, (Colo. App. No. 20CA0385, March 3, 2022) (not published pursuant to C.A.R. 35(e)) (*Gordon I*).

¶ 4 In 2024, Gordon filed the postconviction motion subject to this appeal under Crim. P. 35(a) and (c). He asserted, for the first time, that (1) his sentence was illegal; (2) there was newly discovered exculpatory evidence; and (3) *Counterman v. Colorado*, 600 U.S. 66 (2023), supplied a new rule of constitutional law previously unavailable to him. He also reasserted his claims of ineffective assistance based on plea counsel's failure to investigate and develop his defense and failure to properly advise him on the plea offer's consequences.

¶ 5 The postconviction court denied the motion, concluding that Gordon failed to articulate why his sentence was illegal and that his Crim. P. 35(c) claims were time barred and successive.

## II. Undeveloped Crim. P. 35(a) Claim

¶ 6 We agree with the postconviction court that Gordon failed to articulate a cognizable Crim. P. 35(a) claim.

¶ 7 A sentence is illegal and "not authorized by law" for purposes of Crim. P. 35(a) when it is inconsistent with the statutory scheme. *Tennyson v. People*, 2025 CO 31, ¶ 25; *see also People v. Baker*,

2019 CO 97M, ¶ 19 ("[A] sentence is not authorized by law within the meaning of Rule 35(a) if any of the sentence's components fail to comply with the sentencing statutes."). In contrast, a challenge to the constitutionality of a conviction or sentence falls under Crim. P. 35(c). *See People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006).

¶ 8     Gordon argues that his sentence was illegal and "is subject to correction." But he does not explain how his sentence was inconsistent with the applicable statutory scheme, or what component of his sentence requires correction. Thus, "[i]n light of the . . . cursory[] and undeveloped manner in which [Gordon] presents this . . . assertion, we decline to address it." *People v. Gingles*, 2014 COA 163, ¶ 29; s*ee also People v. Simpson*, 93 P.3d 551, 555 (Colo. App. 2003) ("We decline to consider a bald legal proposition presented without argument or development . . .").

¶ 9     To the extent Gordon argues that his sentence was illegal because "[i]neffective counsel is not authorized by law," ineffective assistance of counsel claims are constitutional claims cognizable under Crim. P. 35(c), not Crim. P. 35(a). *See Collier*, 151 P.3d at 670 (the substance of a motion, not its label, determines whether it falls under Crim. P. 35(a) or Crim. P. 35(c)); *see also People v.*

*Sifuentes*, 2017 COA 48M, ¶ 15 ("Ineffective assistance of counsel during plea bargaining may constitute an adequate ground for postconviction relief under Crim. P. 35(c).").

### III.   Crim. P. 35(c) Claims

¶ 10     We review de novo a postconviction court's denial of a Crim. P. 35(c) motion without a hearing.  *People v. Cali*, 2020 CO 20, ¶ 14.

¶ 11     We broadly construe pleadings filed by unrepresented litigants "to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5.  But we will not rewrite an unrepresented litigant's pleadings or act as his advocate.  *Cali*, ¶ 34.

### A.   Gordon's Motion Was Untimely

¶ 12     Gordon concedes that his motion was filed "outside the statutory eighteen-month allowance for requesting postconviction relief" on his misdemeanor conviction.  *See* § 16-5-402, C.R.S. 2025 (collateral attack on a misdemeanor conviction must be filed within eighteen months following the date of conviction).  However, he argues that his motion was not time barred because of newly discovered evidence.

¶ 13　The deadline for filing a postconviction motion may be extended if "the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d).  To obtain a hearing, a defendant must allege facts that, if true, would establish justifiable excuse or excusable neglect.  *Close v. People*, 180 P.3d 1015, 1019 (Colo. 2008); *People v. Chavez-Torres*, 2016 COA 169M, ¶ 12, *aff'd*, 2019 CO 59.  Newly discovered evidence may establish justifiable excuse or excusable neglect for an untimely filing.  § 16-5-402(2)(d); *see also People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002) (defendant's belated claim of newly discovered evidence did not support a finding of justifiable excuse or excusable neglect where the evidence was known to him before his trial).

¶ 14　Gordon argues that justifiable excuse existed for the untimely filing of his motion because his medical condition at the time of the offense — low testosterone resulting in erectile dysfunction — constitutes new evidence.  He claims that his medical records from about October 2016 would have shown that, based on his medical condition, he was "incapable" of committing the offense.

¶ 15   The record, however, shows that this evidence is not "new." Gordon effectively conceded in his motion that he knew of this medical condition at the time of his offense, writing that "because of his severe ED, he feared his body's lack of response" at the time of the offense, but "surprisingly his body reacted." We agree with the postconviction court that Gordon was aware of his medical condition and "had a responsibility to provide this information to his counsel." *See Farrar v. People*, 208 P.3d 702, 706 (Colo. 2009) ("[E]vidence will be considered newly discovered for purposes of a motion for new trial only if it was both unknown to the defendant and his counsel in time to be meaningfully confronted at trial and unknowable through the exercise of due diligence.").

¶ 16   So, Gordon's medical condition at the time of the offense does not constitute newly discovered evidence and does not show justifiable excuse or excusable neglect for the untimely filing of his most recent postconviction motion.

### B.   Gordon's Claims Were Successive

¶ 17   We also agree with the postconviction court that Gordon's ineffective assistance of counsel claims were successive and therefore procedurally barred.

6

¶ 18    Postconviction proceedings are designed to prevent injustices after a defendant's conviction and sentencing, not to provide a perpetual right of review. *People v. Hampton*, 528 P.2d 1311, 1312 (Colo. 1974). As a result, a postconviction court must deny a successive Crim. P. 35(c) claim that was, or could have been, raised and resolved in a prior appeal or postconviction proceeding. Crim. P. 35(c)(3)(VI), (VII); *see People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996). An argument that does not precisely duplicate an issue that was previously raised and resolved will be precluded if its review is nothing more than a second appeal addressing the same issues but on a recently contrived constitutional theory. *Rodriguez*, 914 P.2d at 249.

¶ 19    The ineffective assistance of counsel claims Gordon raised in his most recent postconviction motion — that plea counsel had failed to investigate and develop his defense and had failed to adequately advise him of the consequences of pleading guilty — are the same claims that he raised in his first postconviction motion. *See Gordon I*. Thus, unless an exception applies, his claims are procedurally barred as successive. *See* Crim. P. 35(c)(3)(VI).

¶ 20    Gordon argues that an exception applies because *Counterman*, in his view, announced a new rule of constitutional law which invalidated his stalking charge. *See* Crim. P. 35(c)(3)(VII)(c). But the stalking charge was dismissed as part of Gordon's plea agreement, and, as the postconviction court concluded, a dismissed charge cannot be "subject to a postconviction constitutional challenge." *See People v. Kazadi*, 284 P.3d 70, 75 (Colo. App. 2011) ("Under Crim. P. 35(c)(3), a defendant must claim a right either 'to be released' or 'to have a judgment of *conviction* set aside' on one of the grounds enumerated in Crim. P. 35(c)(2)." (emphasis added)).

¶ 21    To the extent Gordon seeks to overcome the successiveness bar based on newly discovered evidence, his medical condition, as noted above, does not constitute "evidence that could not have been discovered previously through the exercise of due diligence." Crim. P. 35(c)(3)(VII)(b).

¶ 22    Thus, Gordon's remaining claims are successive because he raised them, or could have raised them, in his first postconviction motion, and he does not assert any valid exceptions to the successiveness bar in his Crim. P. 35(c) motion or in his opening brief. *See People v. Taylor*, 2018 COA 175, ¶ 17 (holding that,

8

because the language in Crim. P. 35(c)(3)(VII) is "mandatory rather than permissive," the court must deny any successive claims unless one of the five exceptions applies).

### C.  Postconviction Counsel

¶ 23    Gordon argues that the postconviction court should have appointed counsel to assist him on his motion, but the right to postconviction counsel is triggered only if the motion survives the postconviction court's initial review under Crim. P. 35(c)(3)(IV). *See* Crim. P. 35(c)(3)(V).

¶ 24    Because the postconviction court properly denied the motion as time barred and successive, the court also properly concluded that Gordon was not entitled to postconviction counsel. *See People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005) ("A trial court may decline to appoint counsel in connection with a motion that may be denied as a matter of law without an evidentiary hearing.").

### IV.  Disposition

¶ 25    The order is affirmed.

JUDGE DUNN and JUDGE MOULTRIE concur.