22CA1618 Peo v Germain 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA1618 Mesa County District Court No. 11CR128 Honorable Gretchen B. Larson, Judge The People of the State of Colorado, Plaintiff-Appellee, v. William Germain, Defendant-Appellant. APPEAL DISMISSED Division VI Opinion by JUDGE BERNARD* Lipinsky and Schutz, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Gregory Lansky, Alternate Defense Counsel, Aurora, Colorado, for Defendant-
Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Defendant, William Germain, appeals the postconviction court’s decision denying his Crim. P. 35(a) motion to correct an illegal sentence. We dismiss his appeal as moot. I. Background ¶ 2 In 2011, defendant pled guilty to attempted sexual assault on a child, a class 5 felony. The trial court sentenced him to probation for eight years, with four years of that sentence to be served in a community corrections facility as a condition of his probation. ¶ 3 Defendant escaped seventeen days after entering the residential program at the community corrections facility. The prosecution charged him with violating his probation in this case and the class 3 felony of escape in a separate case. The prosecution eventually charged him with the class 5 felony of stalking in a third case. All these cases were resolved in a plea disposition in which he admitted to violating his probation in this case, and he pled guilty to the charges in the second and third cases. In exchange for the prosecution’s agreement not to pursue habitual criminal charges, the new plea agreement contained a stipulated controlling sentence of eighteen years in prison. 
2 ¶ 4 More specifically, in November 2012, the trial court found that defendant’s two prior felony convictions and his commission of new felony offenses after escaping from the community corrections facility justified a sentence in the aggravated range on the attempted sexual assault on a child charge. The court resentenced him to five years in prison to run concurrently with a five-year prison sentence for stalking and consecutively to a thirteen-year prison sentence for escape. ¶ 5 In October 2021, defendant filed a pro se Crim. P. 35(a) motion in which he argued that he had been illegally sentenced to an aggravated term of five years in prison on a charge for which the maximum prison term was three years. Five days later, he filed a second Crim. P. 35(a) motion in which he argued that his original four-year community corrections sentence and subsequent five-year prison resentence constituted a “double illegal sentence,” and he asked for an adjustment to his “original sentence.” ¶ 6 The postconviction court appointed postconviction counsel, who filed a supplemental motion asserting that defendant’s original four-year community corrections sentence — which, recall, was a condition of probation — was illegal because (1) it exceeded the 
3 presumptive range for a class 5 felony; and (2) the trial court did not make any factual findings to support an aggravated sentence. Counsel argued that the presumptive range for a direct sentence to community corrections under section 18-1.3-401, C.R.S. 2023, was also applicable to defendant’s sentence to community corrections as a condition of probation under section 18-1.3-301(b), C.R.S. 2023. ¶ 7 In its response to the Crim. P. 35(a) motion, the prosecution submitted that the issue was moot because, after defendant had escaped, he entered into a new plea disposition and the trial court sentenced him pursuant to that disposition. ¶ 8 In his reply, defendant responded that the issue was not moot because he was still suffering the consequences of his illegal sentence: he was serving the prison term for the escape conviction while he was also serving the illegal sentence described in the previous paragraph. He further asserted that, if the court were to correct his illegal sentence relying on Crim. P. 35(a), the deadline for filing a Crim. P. 35(c) motion would be renewed and “there [was] an argument that [his] related escape sentence was illegal if the sentence in this matter is void.” Finally, defendant contended that his claim fell within the exception to mootness that permits review 
4 of otherwise moot issues that are capable of repetition yet evade review because Colorado courts had not yet addressed whether presumptive sentencing ranges under section 18-1.3-401 apply to sentences to community corrections as a condition of probation. ¶ 9 The postconviction court agreed with the prosecution, and it denied the Crim. P. 35(a) motion as moot. ¶ 10 On appeal, defendant contends that the postconviction court erred by denying his motion, maintaining that his original four-year community corrections sentence as a condition of probation was illegal. ¶ 11 To the extent that defendant raised additional claims in his motion that he has not pursued on appeal, we conclude that he has abandoned them. See People v. Ortega, 266 P.3d 424, 428 (Colo. App. 2011). II. Mootness ¶ 12 Relying on People v. Fritz, 2014 COA 108, the prosecution asserts that defendant’s appeal is moot because his sentence to community corrections was vacated when the trial court resentenced him under the new plea disposition. We agree. 
5 A. Standard of Review and Applicable Law ¶ 13 We review de novo whether an appeal is moot. Id. at ¶ 20. An appeal is moot if granting relief would have no practical effect on an actual or existing controversy. Id. at ¶ 21. When evaluating whether a contention is moot in the context of a case such as this one, we must consider both the direct and collateral consequences of a conviction. Id. at ¶ 21; see Moland v. People, 757 P.2d 137, 139 (Colo. 1988)(“[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.” (quoting Sibron v. New York, 392 U.S. 40, 57 (1968)). “Whether collateral consequences preclude an issue from being deemed moot turns on showing the reasonable possibility of such consequences.” People In Interest of C.G., 2015 COA 106, ¶ 16. “[T]he standard requires a demonstration of more than an abstract, purely speculative injury, but does not require proof that it is more probable than not that the prejudicial consequences will occur.” Id. ¶ 14 When a trial court imposes a new legal sentence after a defendant enters into a new plea agreement, and the defendant’s 
6 allegedly illegal sentence has been vacated, “the new legal sentence necessarily supersedes the original sentence.” Fritz, ¶ 23. B. Analysis ¶ 15 Defendant admitted that he had violated the terms of his probation, and he agreed to a new plea disposition, stipulating that he would receive a new sentence for attempted sexual assault on a child. For that crime, the court resentenced him to a five-year prison term, which was a legal sentence for the following reasons. ¶ 16 The presumptive sentencing range for a class 5 felony is one to three years imprisonment. § 18-1.3-401(1)(a)(V)(A), C.R.S. 2023. The presence of extraordinary mitigating or aggravating circumstances permits the court to impose six months to six years imprisonment. § 18-1.3-401(6). The trial court’s five-year sentence was based on a finding of aggravating circumstances. ¶ 17 The new legal five-year sentence for attempted sexual assault on a child vacated defendant’s original community corrections sentence as a condition of probation. See Fritz, ¶ 23. Because the new prison sentence necessarily superseded the original community corrections sentence, our determination of whether the earlier sentence was illegal would not have a practical effect on this case. 
7 See id. Consequently, we conclude that defendant’s illegal sentence claim is moot. ¶ 18 Defendant also has not shown that a favorable ruling in this appeal would have significant collateral consequences for him. He asserts that his appeal is not moot because he retains a “concrete interest” in the successful outcome of his illegal sentence claim. He continues that the correction of an illegal sentence would reset the deadline for filing Crim. P. 35(c) collateral attacks and that “there can also be an argument that [his] related escape sentence can be challenged if the sentence in this matter is void.” But, as asserted on appeal without additional argument, these are “abstract, purely speculative” claims that do not show that there is a “reasonable possibility” that the judgment may result in significant collateral consequences. See C.G., ¶¶ 13, 16. III. Exception to Mootness ¶ 19 Defendant contends that, should we determine his claim is moot, we should nonetheless review it under the exception to the mootness doctrine that allows for review of an issue that is “capable of repetition yet evading review.” People v. Garcia, 2014 COA 85, ¶ 22. “Issues are capable of repetition when they could, or are 
8 likely to, reoccur in the future.” Anderson v. Applewood Water Ass’n, 2016 COA 162, ¶ 28. They evade review when the “time required to complete the legal process will necessarily render each specific challenge moot.” Id. (quoting Rocky Mountain Ass’n of Credit Mgmt. v. Dist. Ct., 193 Colo. 344, 346, 565 P.2d 1345, 1346 (1977)); see also Romero v. People, 179 P.3d 984, 986 n.2 (Colo. 2007)(electing to review a moot issue under the exception for issues capable of repetition, yet evading review, “given the relatively short sentences involved and the length of the appeals process”). ¶ 20 Defendant submits that his claim falls within this exception because no Colorado appellate court has published an opinion deciding whether the presumptive ranges in section 18-1.3-401 apply to community corrections sentences that are imposed as a condition of probation under section 18-1.3-301(b). ¶ 21 Although this issue is arguably capable of repetition in other cases in which defendants have been sentenced to community corrections as a condition of probation, it will not evade review. This claim could be presented for future review — without the concern that the “time required to complete the legal process will necessarily render [the] specific challenge moot” — if a trial court 
9 sentences a defendant to an aggravated term in community corrections as a condition of probation and if the defendant timely appeals or if he or she files a timely Crim. P. 35(a) motion. “Accordingly, we need not decide the issue here, when it would have no practical effect on an actual controversy.” People v. DeBorde, 2016 COA 185, ¶ 34; cf. Walton v. People, 2019 CO 95, ¶ 8 (“Were we to wait for another case like this one to find its way to us with a defendant still serving her sentence, we might wait in vain. DUI sentences are often shorter than the time necessary for appeal and certiorari review.”). ¶ 22 The appeal is dismissed. JUDGE LIPINSKY and JUDGE SCHUTZ concur.