22CA0928 Peo v Birch 04-17-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA0928
Arapahoe County District Court No. 20CR3054
Honorable Ryan J. Stuart, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Samuel Isaiah Birch,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE MEIRINK
Dunn and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 17, 2025

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Mark G. Walta, Alternate Defense Counsel, Littleton, Colorado, for Defendant-Appellant

¶ 1    Defendant, Samuel Isaiah Birch, appeals his judgment of conviction and sentence imposed by the trial court. We affirm.

## I.    Background

¶ 2    In December 2020, Douglas County Sheriff's Office deputies responded to a hit-and-run report involving a dark-colored vehicle. The driver, later identified as Birch, was arrested after a failed attempt to flee the scene of the accident. At the scene, Birch appeared to be intoxicated.

¶ 3    Shortly after Birch's arrest, his ex-girlfriend called the Arapahoe County Sheriff's Office and identified Birch as the perpetrator of two armed robberies that took place in November 2020, the second of which resulted in the death of the store clerk.

¶ 4    The People then charged Birch with first degree murder after deliberation, first degree felony murder, two counts of aggravated robbery with a deadly weapon, and tampering with physical evidence. Birch pleaded not guilty to all counts, and the case proceeded to trial.

¶ 5    On the fourth day of trial, the People expressed concerns that Birch was attempting to introduce alternate suspect evidence without a hearing on its admissibility under *People v. Elmarr*, 2015

1

CO 53. The People asked the court to exclude such evidence. In response, Birch argued that his defense strategy was not to introduce alternate suspect evidence but to impeach the credibility of law enforcement witnesses by addressing the investigators' failure to explore other leads. The trial court found that the evidence Birch sought to introduce was, in fact, alternate suspect evidence and that Birch had failed to present evidence that connected the specific alternate suspect to the crime, as required by *Elmarr*. Nevertheless, the trial court permitted Birch to cross-examine the investigator as to the sufficiency of the investigation and law enforcement's alleged failure to investigate an alternate lead.

¶ 6 The jury found Birch guilty as charged. Birch was sentenced to the custody of the Department of Corrections for life without possibility of parole (LWOP) on the first degree murder after deliberation conviction (the court merged the felony murder conviction into the conviction for murder after deliberation); for thirty-two years on the aggravated robbery with a deadly weapon convictions; and for eighteen months on the tampering with physical evidence conviction.

¶ 7    Birch now appeals.

## II.    Analysis

¶ 8    Birch argues that the trial court erred by (1) construing his challenge to the adequacy of the investigation as an alternate suspect defense under *Elmarr* and (2) incorrectly instructing the jury that self-induced voluntary intoxication is not a defense to tampering with physical evidence.  He also contends that his LWOP sentence for first degree felony murder is constitutionally disproportionate because of recent amendments reclassifying felony murder as second degree murder.  We disagree with each of these contentions.

### A.    Alternate Suspect Evidence

¶ 9    Birch defended on the theory that he was not the individual who committed the charged crimes.  He contends that the trial court violated his constitutional right to present a defense.  Specifically, Birch argues that the trial court erroneously construed his defense — that the police conducted an inadequate investigation — as an alternate suspect defense triggering the procedural requirements set forth in *Elmarr.*

3

¶ 10     We review a trial court's evidentiary decisions for an abuse of discretion. *Elmarr*, ¶ 20. The court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair or is based on a misapprehension of the law. *Id.*

¶ 11     In *Elmarr*, the supreme court held that "the admissibility of alternate suspect evidence ultimately depends on the strength of the connection between the alternate suspect and the charged crime." *Id.* at ¶ 22. To be admissible, the alternate suspect evidence must be relevant, and its probative value must not be sufficiently outweighed by the danger that the jury will be misled or confused. *Id.* In this context, the touchstone of relevance is "whether the alternate suspect evidence establishes a non-speculative connection or nexus between the alternate suspect and the crime charged." *Id.* at ¶ 23.

¶ 12     At trial, Birch sought to introduce details of a specific lead that law enforcement did not pursue concerning someone who lived in the area, met Birch's height description, wore the same style of glasses, and was known to be armed and dangerous. While the potential suspect was arrested and interrogated, law enforcement released him. The People argued that these details amounted to

inadmissible alternate suspect evidence. Birch disagreed, arguing that the evidence would only be introduced to highlight law enforcement's failure to investigate and pursue other leads. The trial court agreed with the People, holding that there was no evidence connecting the alternate suspect to the crime charged and that this was the exact evidence the *Elmarr* court determined was inappropriate to present to a jury because it would invite speculation.

¶ 13     Birch contends that the trial court's application of *Elmarr* deprived him of his right to present a complete defense, which rose to the magnitude of reversible constitutional error. We disagree.

¶ 14     While the Constitution guarantees criminal defendants the opportunity to present a complete defense, *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006), this right is still subject to and constrained by, familiar and well-established limits on the admissibility of evidence, *Elmarr*, ¶ 27. To be admissible, evidence must be relevant, CRE 402, and even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, CRE 403.

¶ 15    The trial court did not abuse its discretion and properly exercised its gatekeeping function by weighing the relevance of the evidence concerning the alternate suspect and ultimately deciding to exclude it because it could have misled the jury.

¶ 16    Moreover, we are unpersuaded by Birch's argument that he was denied the ability to argue that the criminal investigation was inadequate or that law enforcement failed to explore potential leads that may have identified alternate suspects. On the contrary, the court later permitted Birch to question the adequacy of the investigation by identifying possible leads law enforcement failed to follow. Birch cross-examined the lead investigator on law enforcement's decision to not follow up on a tip provided by the manager of a restaurant near the shooting site. The tip alleged that someone who resembled the shooter placed and picked up an online order at a nearby restaurant. Though the People objected to this line of questioning based on the court's earlier ruling, the court nonetheless permitted Birch to continue his examination.

### B.    Voluntary Intoxication Instruction

¶ 17    Birch next contends that the trial court plainly erred by instructing the jury that voluntary intoxication did not apply to the

crime of tampering with physical evidence. We decline to address this claim's merits, however, because Birch invited the error he raises on appeal.

¶ 18     Birch submitted the proposed voluntary intoxication instruction to the trial court. The proposed instruction was limited to the first degree murder charge and specifically indicated, in relevant part, that the jury "c[ould] [not] consider evidence of self-induced intoxication for purposes of deciding whether the prosecution has proved the elements of . . . Tampering with Physical Evidence."[1]

¶ 19     A defendant "may not complain on appeal of an error that he has invited or injected into the case; he must abide the consequences of his acts." *People v. Zapata*, 779 P.2d 1307, 1309 (Colo. 1989). The "invited error doctrine precludes plain error review of a defense-tendered instruction" because "the defendant's trial counsel made a deliberate, strategic decision to request it." *People v. Gross*, 2012 CO 60M, ¶ 2.

---

[1] Although the trial court slightly revised the instruction to match the "may" or "may not" language used in the Colorado pattern criminal jury instructions, the language largely tracked what defense counsel proposed.

7

¶ 20    Because Birch affirmatively tendered the voluntary intoxication jury instruction, and the trial court granted his request to include it, Birch cannot now argue that the court erred by doing what Birch asked it to do.

¶ 21    We are unpersuaded by Birch's argument that the error was not invited because "trial counsel — along with the prosecution and trial court — simply had no idea that the defense of self-induced intoxication applied to tampering with physical evidence." Invited error "is sometimes referred to as a strategic error," but the strategy need not "be competent or well planned." *People v. Perez-Rodriguez*, 2017 COA 77, ¶ 25. Rather, the action that results in the invited error must simply be deliberate rather than inadvertent. *Id.* Defense counsel deliberately proposed the instruction, and "we cannot consider the trial court to be in error for giving an instruction demanded by the defense." *Gross*, ¶ 8 (alteration omitted) (quoting *Gray v. People*, 342 P.2d 627, 630 (Colo. 1959)).

C.    Life Without the Possibility of Parole

¶ 22    For the first time on appeal, Birch contends that his LWOP sentence for felony murder is constitutionally disproportionate.

8

¶ 23    The People respond that the issue is moot because the trial court sentenced Birch to LWOP for first degree murder after deliberation, not felony murder.  We agree.

¶ 24    We review de novo whether an issue is moot.  *People in Interest of C.G.*, 2015 COA 106, ¶ 11.  An issue is moot when the relief granted by the court would not have a practical effect upon an existing controversy.  *DePriest v. People*, 2021 CO 40, ¶ 8.

¶ 25    At the time Birch committed the killing at issue in this case, "[m]urder after deliberation and felony murder [were] not denominated by the [Colorado Criminal] Code as separate and independent offenses, but only ways in which criminal liability for first-degree murder [could] be charged and prosecuted."  *People v. Lowe*, 660 P.2d 1261, 1269 (Colo. 1983), *overruled in part on other grounds by Callis v. People*, 692 P.2d 1045 (Colo. 1984).  When the evidence supports a conviction for multiple theories of the same crime, both theories may be presented to the jury for deliberation so long as the trial court enters only one conviction in the event the jury returns a guilty verdict under both theories.  *Id.* at 1269-72.  To avoid infringing on the constitutional prohibition against double jeopardy, courts cannot convict a defendant of multiple counts of

9

first degree murder related to a single victim. *Candelaria v. People*, 148 P.3d 178, 180-82 (Colo. 2006).

¶ 26    Birch was charged with first degree murder after deliberation and first degree felony murder. The jury was instructed on both theories and found him guilty of both. But the trial court merged the convictions and imposed only one LWOP sentence for first degree murder after deliberation.[2]

¶ 27    Simply put, Birch was not sentenced to LWOP on the felony murder charge. The merging of Birch's convictions and imposing a single sentence for first degree murder after deliberation had the effect of vacating the conviction for felony murder. *See People v. Wood*, 2019 CO 7, ¶ 29 ("Stated differently, '[m]erger ha[d] the same effect as vacating one of the multiplicitous' murder convictions." (quoting *People v. Rhea*, 2014 COA 60, ¶ 17)). Following the merger and imposition of one sentence for first degree after deliberation murder, any challenge Birch had relating to felony murder became moot.

---

[2] The mittimus also reflects only one LWOP sentence for first degree murder after deliberation.

¶ 28    Having determined that the felony murder sentencing issue is moot, we decline to review Birch's unpreserved argument that he is entitled to an extended proportionality review in light of recent amendments reclassifying felony murder as second degree murder. *See People v. Mountjoy*, 2016 COA 86, ¶ 35 ("[A]n appellate court 'may, as a matter of discretion, take up an unpreserved challenge to the constitutionality of a statute, but only where doing so would clearly further judicial economy.'" (quoting *People v. Houser*, 2013 COA 11, ¶ 35)), *aff'd on other grounds*, 2018 CO 92M.

### III.    Disposition

¶ 29    We affirm the judgment of conviction.

JUDGE DUNN and JUDGE TOW concur.